# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANTZY ST. PIERRE,** | : | |
| **Plaintiff** | : | No. 1:17-cv-01344 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **KIRSTJEN NIELSEN,** | : | |
| **Acting Secretary of the** | : | |
| **Department of Homeland Security, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff Frantzy St. Pierre ("Plaintiff"), initiated the above-captioned action against Defendants on July 31, 2017 by filing a complaint in this Court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., in connection with the United States Citizenship and Immigration Services' ("USCIS") denial of his I-485 application to adjust status. (Doc. No. 1.) On October 6, 2017, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 8), along with a brief in support (Doc. No. 10). After filing a brief in opposition on November 7, 2017 (Doc. No. 13), Plaintiff filed an amended complaint on November 17, 2017 (Doc. No. 17). Defendants then filed a reply brief on December 16, 2017.[1] (Doc. No. 20.) On April 23, 2018, the Court stayed the action pending disposition of the instant motion to dismiss. (Doc. No. 23.)

Plaintiff, a citizen and national of Haiti, challenges USCIS' denial of his application to adjust his status to that of a permanent resident on the basis that he entered the United States as

---

[1] The Court notes that while the filing of an amended complaint would ordinarily render moot a pending motion to dismiss pursuant to Rule 12(b)(6), Defendants have indicated that their reply brief comprehensively addresses the claims asserted in the amended complaint. (Doc. No. 18 ¶¶ 5-6.) Accordingly, due to the parties' respective filings, the Court considers Defendants' motion to dismiss (Doc. No. 8), in connection with Plaintiff's amended complaint (Doc. No. 17).

an "alien crewman" for purposes of the Immigration and Nationality Act ("INA").  (Doc. No. 17 ¶ 1.)  According to Plaintiff, USCIS should have permitted him to adjust status, as his subsequent receipt of temporary protected status ("TPS")–which he received as a result of his Haitian citizenship and nationality–operates to overcome the statutory bar to prohibition of status for alien crewmen.  (Doc. No. 13 at 10.)  Conversely, Defendants maintain that dismissal of the amended complaint is warranted because the relevant provision of the INA explicitly bars those who enter the United States as alien crewmen from adjusting status, and the statute does not recognize a subsequent receipt of TPS as an exception to this prohibition on adjustment of status.  (Doc. No. 10 at 12-15.)

In order to resolve the pending motion to dismiss, therefore, the Court must determine whether one who enters the United States as an "alien crewman" is prohibited from later adjusting his status to that of a permanent resident if he subsequently receives a TPS designation.  This question is a matter of first impression within the United States Court of Appeals for the Third Circuit.  To the Court's knowledge, this issue has been examined by only one other district court, and the appeal of that decision is currently pending before the United States Court of Appeals for the Fifth Circuit.  See Guerrero v. Johnson, 138 F. Supp. 3d 754, 759 (E.D. La. 2015), appeal docketed, Guerrero v. Nielsen, No. 16-30165 (5th Cir. Feb. 29, 2016).  Upon careful review of the amended complaint, the parties' briefing, and the relevant authorities, the Court finds that, at this juncture, disposition of Defendants' motion to dismiss is unwarranted because the record presently before the Court is insufficient so as to permit the Court to examine the propriety of USCIS' denial of Plaintiff's application to adjust status.

**ACCORDINGLY**, on this 2nd day of July 2018, **IT IS ORDERED THAT**:

1. Defendants are directed to file an additional brief, on or before July 23, 2018, that specifically addresses the following:

    a. The appropriate standard of review of a USCIS decision denying an I-485 application to adjust status, and the relationship between said standard of review and the "arbitrary and capricious" standard applicable to review of an agency action under the APA;

    b. The import of <u>Guerrero v. Johnson</u> on this Court's resolution of Defendants' motion to dismiss; and

    c. The import of the Department of Homeland Security's termination of TPS for Haiti, effective July 22, 2019,[2] on this Court's resolution of Defendants' motion to dismiss;

2. Plaintiff shall file a responsive brief by August 6, 2018;

3. Defendants may file a reply brief, if any, by August 13, 2018; and

4. The parties are directed to file with this Court a copy of the full administrative record pertaining to Plaintiff's I-485 application to adjust status with USCIS on or before August 13, 2018.

                                                                         <u>s/ Yvette Kane</u>
                                                                         Yvette Kane, District Judge
                                                                         United States District Court
                                                                         Middle District of Pennsylvania

---

[2] <u>See</u> Termination of the Designation of Haiti for Temporary Protected Status, 83 Fed. Reg. 2,648 (Jan. 18, 2018).